IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JESSE JACKSON,                    *
                                  *
     Petitioner,                  *
                                  *
vs.                               * CRIMINAL NO. 07-00148-WS-B
                                  * CIVIL ACTION NO. 16-00639-WS-B
UNITED STATES OF AMERICA,         *
                                  *
     Respondent.                  *

## REPORT AND RECOMMENDATION

Pending before the Court is Petitioner Jesse Jackson's "Writ of Error Coram Nobis" and supplement thereto. (Docs. 216, 220). Also pending before the Court are the Government's Motion to Dismiss and Jackson's response in opposition. (Docs. 222, 223). This action has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8(b) of the Rules Governing Section 2255 Cases and is now ready for consideration.

The undersigned has conducted a careful review of the record and finds that no evidentiary hearing is required to resolve this case. See Kelley v. Sec'y for Dep't of Corr., 377 F.3d 1317 (11th Cir. 2004). Following a complete review of this action, the undersigned recommends that the Government's Motion to Dismiss be **GRANTED**, and that this action be **DISMISSED**. The undersigned further recommends that in the event Jackson files a certificate of appealability and seeks to appeal *in forma pauperis,* said

requests should be **DENIED.**

## I. BACKGROUND

Jackson was charged in a federal indictment with conspiracy to possess with the intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (count one); conspiracy to possess with the intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (count two); possession with the intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (counts three and four); using and carrying a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (count five); and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (count six). (Doc. 1-3 at 1-4). On July 12, 2007, Jackson's appointed counsel advised the Court of Jackson's desire to enter into a counseled plea agreement. (Doc. 47). In the plea agreement, Jackson agreed to plead guilty to counts two (conspiracy to possess with the intent to distribute crack cocaine) and five (using and carrying a firearm in furtherance of a drug trafficking crime) of the indictment. (Doc. 59 at 1-2).

As part of the plea agreement, Jackson agreed to waive his right to challenge, in a direct appeal or a collateral attack, any sentence imposed in his case or the manner in which it was determined, except that Jackson reserved his right to challenge any sentence imposed in excess of the statutory maximum, any

sentence which constituted an upward departure from the guideline range, and any claim of ineffective assistance of counsel. (Id. at 10). In return, the Government agreed that it would not bring any additional charges against Jackson related to the facts underlying the indictment and that it would move to dismiss the remaining counts against Jackson. (Id. at 5). The Government also agreed that if, *in its sole discretion*, Jackson provided substantial assistance in the investigation or prosecution of another criminal offense, the Government would move for a downward departure in accordance with U.S.S.G. § 5K1.1 or would file a Rule 35 motion pursuant to the Federal Rules of Criminal Procedure. (Id. at 7). The Government further agreed that if Jackson's cooperation did not amount to substantial assistance, as determined solely by the Government, the Government would recommend that Jackson be sentenced at the low end of the sentencing guidelines range. (Id. at 8).

On July 19, 2007, Jackson entered a plea of guilty to counts two and five of the indictment. (Docs. 65, 190). Jackson was sentenced, on December 18, 2007, to two-hundred and forty (240) months' imprisonment on count two (drug conspiracy), to be followed by a consecutive term of sixty (60) months' imprisonment on count five (possessing a firearm in furtherance of a drug trafficking crime). (Doc. 200 at 6). On January 8, 2008, the Court entered a judgment consistent with the pronounced sentence. (Doc. 101).

On March 10, 2009, Jackson filed a *pro se* Motion to Enforce Plea Agreement. (Doc. 130). Jackson asserted that "[o]n December 18, [20]07, the D.A.s[1] office and the courts agree to give me a 5K1 for the substantial amount of assistance I provided to the federal agent[,]" and asked the Court to enforce the plea agreement between Jackson and the United States Attorney's Office. (Id. at 1). In its response in opposition, the Government argued that the plea agreement plainly reserved to it sole discretion to determine whether Jackson's cooperation amounted to substantial assistance and merited a motion for downward departure from the applicable sentencing guideline range. (Doc. 132 at 1-2). The Court denied Jackson's motion for the reasons set forth in the Government's response. (Doc. 133).

On April 29, 2009, Jackson's attorney filed a Motion to Reconsider the Court's Order denying Jackson's *pro se* Motion to Enforce Plea Agreement. (Doc. 134). In the motion, Jackson's attorney stated that he had received a letter from Jackson asking for help in this matter and had also received a telephone call from "the investigator responsible for [Jackson's] arrest in the first instance and also responsible for assuring [Jackson] his cooperation would be rewarded." (Id. at 2). In response, counsel

---

[1]    Jackson was presumably referring to the United States Attorney's Office.

for the Government averred that it would "continue to investigate the timing of [Jackson's] pre-indictment activity to determine whether a Rule 35 is appropriate," but nevertheless maintained that the Court had no authority to intervene in its decision as to whether to file a substantial assistance motion absent an allegation of unconstitutional motive. (Doc. 138 at 2). In denying Jackson's Motion to Reconsider, the Court found that Jackson had failed to demonstrate that the Government manifested a "constitutionally impermissible motivation" in refusing to move for a reduction in his sentence. (Doc. 139).

On October 28, 2011, Jackson filed a *pro se* "Motion for Reduction of Sentence Pursuant to the Fair Sentence Act and the Retroactivity Amendment 750 U.S.C. § 3582(c)(2) & 3553(a)[.]" (Doc. 164). Jackson's motion was denied on the ground that the Fair Sentencing Act's reduction or elimination of the statutory minimum sentence with regard to certain quantities of crack cocaine did not apply to defendants, such as Jackson, whose criminal conduct occurred before August 2010. (Doc. 167 at 1). Jackson then filed a motion for reconsideration (Doc. 173), which was denied on December 17, 2012. (Doc. 174).

On October 3, 2014, Jackson initiated a *pro se* appeal from the sentence imposed by the Court.[2] (Doc. 178). Subsequent

---

[2] Although Jackson's appeal was not filed until more than six years after the Court entered judgment on January 8, 2008, it is

thereto, Jackson's counsel filed a brief pursuant to <u>Anders v. State of Cal.</u>, 386 U.S. 738 (1967), asserting the lack of arguable meritorious issues of on appeal and requesting permission to withdraw. <u>See</u> No Merit Brief Filed Pursuant to Anders v. Cal., United States v. Jackson, No. 14-14732 (11th Cir. Mar. 3, 2015), 2015 WL 1138619. In an Order dated July 7, 2015, the Eleventh Circuit held that an examination of the entire record revealed no arguable issues of merit; thus, Jackson's convictions and sentences were affirmed, and his defense counsel's request to withdraw was granted. (Doc. 210 at 2).

On July 14, 2015, Jackson filed another *pro se* Motion for Reduction of Sentence, this time on the basis of the retroactive application of Amendment 782 to the United States Sentencing Guidelines, which lowered the federal sentencing guideline ranges for drug quantities by two levels. (Doc. 211). The Court denied Jackson's motion because Jackson was sentenced to a statutory minimum sentence of 240 months due to his prior conviction for a felony drug offense, and even though Amendment 782 nominally

---

not clear whether the Government argued that the appeal was untimely. <u>See</u> <u>United States v. Burns</u>, 604 F. App'x 831, 832 (11th Cir. 2015) ("Rule 4(b)'s filing deadline is not jurisdictional, but rather, is considered a claims-processing rule, and the government can waive an objection to an untimely notice of appeal in a criminal case. Nevertheless, if the government raises the issue of timeliness, . . . then we 'must apply the time limits of Rule 4(b).'") (quoting <u>United States v. Lopez</u>, 562 F.3d 1309, 1314 (11th Cir. 2009)).

reduced his guideline range, by law, his actual guideline range could not fall below the statutory minimum. (Doc. 213) (citing U.S.S.G. § 5G1.1(b)).

Jackson then filed the pending Writs of Error Coram Nobis on March 3, 2016, and December 1, 2016. (Docs. 216, 220). As noted in the Court's Order dated April 28, 2017, a writ of error coram nobis is not a remedy available to in-custody petitioners seeking to attack their federal convictions; thus, the Court construes Jackson's filings (Docs. 216, 220) collectively as a habeas petition pursuant to 28 U.S.C. § 2255. (See Doc. 221 at 1-2).[3] As best the Court can discern, Jackson appears to raise three related claims. Jackson's first and primary claim is that the Government breached its plea agreement with him by refusing to file a motion to reduce his sentence pursuant to U.S.S.G. § 5K1.1 or Fed. R. Crim. P. 35, despite his substantial assistance (prior

---

[3]  "A writ of error coram nobis is a remedy available to vacate a conviction when the petitioner has served his sentence and is no longer in custody, as is required for post-conviction relief under 28 U.S.C. § 2255." United States v. Peter, 310 F.3d 709, 712 (11th Cir. 2002). Accordingly, "[c]oram nobis relief is unavailable to a person . . . who is still in custody." United States v. Garcia, 181 F.3d 1274, 1274 (11th Cir. 1999). Further, coram nobis jurisdiction exists only to correct "manifest injustice" and is therefore of a limited scope, existing where the errors alleged are of the most fundamental character, rendering the proceeding itself irregular and invalid. See Lowery v. United States, 956 F.2d 227, 229 (11th Cir. 1992). When a claim implicates only the sentence received and not the validity of the conviction itself, the alleged error is not "fundamental" and does not merit coram nobis relief. See id. at 230.

to his federal indictment) of participating in two controlled drug purchases that led to the arrest, indictment, and successful prosecution of five individuals. (Doc. 216 at 15-16). Second, Jackson claims his attorney was ineffective because he failed to mention in the post-conviction Motion to Reconsider filed on Jackson's behalf on April 29, 2009, that Jackson had performed two successful "controlled buys" prior to his federal indictment, and instead mentioned "only the praise offered by Officer Stone without an affidavit by Officer Stone." (Id. at 65). Third, Jackson claims his attorney was ineffective at sentencing on December 18, 2007, because he failed to specifically bring the two controlled buys to the Court's attention despite the fact that Jackson repeatedly requested him to do so. (Id. at 66). Jackson seeks to have his sentence for count two reduced. (Id. at 84).

In response, the Government seeks dismissal of Jackson's habeas petition as time-barred under the relevant statute of limitations and as procedurally defaulted due to Jackson's failure to raise these claims on direct appeal. (Doc. 222 at 2-3). The Government also argues that Jackson's claims fail on the merits because he has not established that the Government's decision not to file a substantial assistance motion was based on an unconstitutional motive. (Id. at 3). In his reply, Jackson does not dispute that his petition is untimely under § 2255. He instead argues that "[t]his is not a 2255 as the Assistant United States

8

Attorney . . . claims. Petitioner is filing a Writ of Error Coram Nobis. It is without time limitation." (Doc. 223 at 3). For the reasons set forth below, the undersigned finds that Jackson's petition is time-barred and accordingly recommends that the Government's Motion to Dismiss be **GRANTED**.[4]

## II. Analysis

Title 28 U.S.C. § 2255(f), which amended the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of:
>
> (1) the date on which the judgment of conviction becomes final;

---

[4]    Because the Court finds that Jackson's petition is time-barred, it need not reach the issues of whether Jackson's claims are procedurally defaulted or whether his breach of plea agreement claim was waived pursuant to his plea agreement. However, it is clear that even if Jackson's petition was not untimely, his claims are without merit. While a district court has authority to review the government's refusal to file a substantial assistance motion, a petitioner must allege and make a substantial threshold showing that the Government's decision not to file a § 5K1.1 or Rule 35 motion was based on an unconstitutional motive or not rationally related to a legitimate governmental end. See United States v. Morales, 239 F. App'x 533, 535 (11th Cir. 2007) ("The Supreme Court has held that 'federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive," like "race or religion," or was not "rationally related to any legitimate [g]overnment end.") (quoting Wade v. United States, 504 U.S. 181, 185-86 (1992)). In this case, Jackson has failed to establish that the Government acted with a constitutionally impermissible motive, and has likewise failed to establish that his counsel provided ineffective assistance.

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The Court notes, as a preliminary matter, that Jackson does not assert that he was prevented from filing his § 2255 petition by any state impediment, and none of his claims purport to rely upon a right first recognized by the Supreme Court since his conviction became final. Thus, neither § 2255(f)(2) nor (f)(3) apply to any of Jackson's claims.

Section 2255(f)(4), which calculates the timeliness of the petition from the date on which the facts supporting the claim could have been discovered through the exercise of due diligence, arguably applies to Jackson's first claim, that the Government breached the plea agreement by failing to file a substantial assistance motion after his sentencing. Unlike a U.S.S.G. § 5K1.1 motion, which is filed at sentencing for a reduction based on substantial assistance rendered up to that point, a Rule 35(b)

motion is used after sentencing to reflect substantial assistance rendered after sentencing.[5]  United States v. Garcia, 215 F. App'x 948, 950 (11th Cir. 2007).

Rule 35(b)(1) states that "[u]pon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person."  Fed. R. Crim. P. 35(b)(1).[6]  The rule further provides that "[i]n evaluating whether the defendant has provided substantial assistance, the court may consider the defendant's *presentence* assistance."  Fed. R. Crim. P. 35(b)(3) (emphasis added).  As noted *supra*, Jackson's plea agreement provided that the Government, in its discretion, would file a § 5K1.1 motion at sentencing or a Rule 35(b) motion if it determined that Jackson provided substantial assistance.  Jackson's sentencing took place on December 18, 2007.  The Government did not make a substantial

---

[5]    Any purported claim based on the Government's failure to file a U.S.S.G. § 5K1.1 motion *at* sentencing is clearly time-barred, as Jackson was present at sentencing and knew that no such motion was filed.  Thus, for such a claim, the one-year limitation period set forth in § 2255(f) would have started on the date Jackson's judgment of conviction became final, which was January 23, 2008, the date when the time for filing an appeal expired.  See Mederos v. United States, 218 F.3d 1252, 1253 (llth Cir. 2000).

[6]    Rule 35(b)(2) provides three exceptions to the requirement that the government's substantial assistance motion for sentence reduction must be made within one year of sentencing.  See Fed. R. Crim. P. 35(b)(2).  However, none of the three exceptions set forth in Rule 35(b)(2) arguably apply in the instant case.

assistance motion pursuant to § 5K1.1 before or at sentencing, and Jackson raised no objection to the lack of such a motion at that time. (See Doc. 200). However, at sentencing, Jackson's counsel stated that after speaking with the Assistant United States Attorney, he anticipated a "5K1 motion" would be filed by the Government "within the year timeframe that the law allows." (Id. at 5). Counsel for the Government clarified that she had discussed "the possibility of a Rule 35" motion with Jackson's counsel, as provided for in the plea agreement. (Id.).

Pursuant to Rule 35(b)(1), the Government had one year from the date of sentencing (i.e., until December 18, 2008) within which to file a Rule 35(b) motion for a sentence reduction based on substantial assistance rendered by Jackson. There is no evidence before the Court that suggests that Jackson would not have been able to discover the facts supporting his claim for breach of his plea agreement with due diligence by December 19, 2008, the first day after the expiration of the Government's period to file a Rule 35 motion. Cf. Burks v. United States, 2015 U.S. Dist. LEXIS 5025, at *15, 2015 WL 224639, at *4 (M.D. Fla. Jan. 15, 2015) ("[T]he absence of a notice of appeal at least becomes discoverable through due diligence once the time for filing a notice of appeal has expired."). Without question, Jackson was well aware of the alleged breach of his plea agreement by March 10, 2009, given that he filed his Motion to Enforce Plea Agreement on that date. Thus,

even assuming *arguendo* that the one-year limitation period contained in § 2255(f)(4) was not triggered until Jackson filed his motion, the limitation period would have expired on March 10, 2010, at the latest, which was nearly six years before he filed his federal habeas petition.

Subsection (4) of 28 U.S.C. § 2255(f) also applies to Jackson's second claim, for ineffective assistance of counsel based on the contents of the Motion to Reconsider filed by his attorney on April 29, 2009. According to Jackson, his counsel was ineffective for failing to mention his two pre-indictment "controlled buys" in the Motion to Reconsider. (Doc. 216 at 65). To determine whether this claim is timely, the Court must ascertain when Jackson could have first discovered the facts supporting the claim through the exercise of due diligence. See 28 U.S.C. § 2255(f)(4); Thomas v. United States, 2014 U.S. Dist. LEXIS 132483, at *11, 2014 WL 4715861, at *4 (N.D. Ala. Sept. 22, 2014) ("The limitations period of § 2255(f)(4) is triggered by the actual or imputed discovery of the important facts underlying a claim, not the defendant's recognition of the legal significance of those facts."); Aron v. United States, 291 F.3d 708, 712 (11th Cir. 2002) (stating that under § 2255(f)(4), a prisoner is required to exercise due, or reasonable, diligence, which "does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option, but rather to make reasonable efforts").

Here, Jackson's claim is based solely on what was omitted from the Motion to Reconsider filed by his attorney on April 29, 2009. Two days before his attorney filed the motion, Jackson sent a letter to the Court advising that he had been in contact with his attorney, who had advised him of a Court-ordered deadline for the Government to respond to Jackson's earlier Motion to Enforce Plea Agreement. (Doc. 135). Following a review of the Motion to Reconsider and the Government's response in opposition, the Court denied the motion on June 8, 2009. (Doc. 139). Although the date on which Jackson actually discovered the contents of the motion cannot be precisely determined, it bears emphasis that Jackson's petition was not filed until March 2016, which is more than six years after the motion was filed and rule upon. Accordingly, the undersigned finds that even accounting for the conditions of Jackson's confinement and the reality of the prison system, it is clear that, had he exercised due diligence, he could have discovered the contents of his attorney's motion shortly after it was filed. Jackson's second claim is thereby untimely under § 2255(f)(4).

For his third claim, Jackson contends that his attorney provided ineffective assistance when he failed to bring up Jackson's participation in two controlled drug buys at his sentencing hearing on December 18, 2007, despite Jackson's repeated requests that he do so. (Doc. 216 at 66). As Jackson

14

was present at sentencing, he was well aware of the facts underlying this claim at that time. Since Jackson's sentencing hearing preceded the entry of judgment in his case, the one-year period of limitation for Jackson's third claim began to run on the date his judgment of conviction became final. See 28 U.S.C. § 2255(f)(1).

Jackson's judgment of conviction was docketed on January 8, 2008. (Doc. 101). Pursuant to the Federal Rules of Appellate Procedure as they existed prior to their amendment in 2009, Jackson had a ten-day direct appeal window, with intermediate Saturdays, Sundays, and legal holidays excluded from the time computation. Because Jackson did not timely seek further review by the Eleventh Circuit, his judgment became final on January 23, 2008, ten business days from the date of the district court's judgment. See Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000) (finding that in a § 2255 action where no timely appeal is filed, a judgment becomes final when the time for filing an appeal expires); Howard v. United States, 2005 U.S. Dist. LEXIS 51088, at *4, 2005 WL 8145872, at *2 (M.D. Ga. Mar. 18, 2005) (computing time prior to the 2009 amendments to the Federal Rules of Appellate Procedure and stating that a "judgment of conviction becomes final ten business days after the judgment of conviction is entered on the docket when appellate review is not *timely* sought") (emphasis in original). Accordingly, under 28 U.S.C. § 2255(f)(1), Jackson

15

had until January 23, 2009 to timely file his § 2255 petition based upon his counsel's alleged ineffective assistance at sentencing.

However, Jackson did not file his petition until March 3, 2016, years after the period of limitations for all three of his claims had expired. (See Doc. 216). Thus, Jackson's petition is due to be dismissed unless he can demonstrate that he is entitled to equitable tolling.

Equitable tolling applies to the statute of limitations set forth in 28 U.S.C. § 2255(f). Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999); see also Holland v. Florida, 560 U.S. 631, 645 (2010) (holding that similar statute of limitations in 28 U.S.C. § 2244(d) is subject to equitable tolling). Jackson does not make any mention of equitable tolling in his filings, nor does he assert the existence of extraordinary circumstances for any of his claims that might meet the standard for equitable tolling. Instead, Jackson appears to rely on his assertion that because he labeled his filing a "Writ of Error Coram Nobis" it is not subject to § 2255(f)'s time limitations. (See Doc. 223 at 3). However, as previously determined by the Court, Jackson's filings are properly construed as a habeas petition under 28 U.S.C. § 2255. Thus, it matters not that Jackson himself has assigned a different label to his filings. The record is devoid of any facts that would merit equitable tolling in this case.

The Court also notes that consideration of an otherwise

untimely habeas petition "may be appropriate upon a showing that a 'fundamental miscarriage of justice' has occurred, whereby 'a constitutional violation has resulted in the conviction of someone who is actually innocent.'" Shoddy v. United States, 2012 U.S. Dist. LEXIS 121533, at *21, 2012 WL 3704929, at *7 (S.D. Ga. Mar. 27, 2012) (quoting Murray v. Carrier, 477 U.S. 478, 495-96 (1985)), *report and recommendation adopted*, 2012 U.S. Dist. LEXIS 121534, 2012 WL 3704742 (S.D. Ga. Aug. 27, 2012). However, Jackson does not dispute his guilt and admits that he "was a low-level drug dealer, who owed a debt to society," and his claims focus exclusively on alleged errors relating to his sentencing. (See Doc. 216 at 83). Therefore, the actual innocence exception does not prevent Jackson's petition from being untimely. See Goodloe v. United States, 448 F. App'x 980, 981 (11th Cir. 2011) (*per curiam*) ("[T]he actual innocence exception requires factual innocence, not mere legal innocence, and enhanced sentencing is a matter of legal, not factual, innocence.").

Because the Government has asserted the defense of statute of limitations and Jackson has failed to meet his burden of establishing any circumstances that would justify the equitable tolling of the AEDPA's limitations period, the undersigned recommends that all three claims in Jackson's federal habeas petition be dismissed as barred by the one-year statute of limitations set forth in 28 U.S.C. § 2255(f). See Shoddy, 2012

U.S. Dist. LEXIS 121533, at *23, 2012 WL 3704929, at *7 (finding
§ 2255 petitioner's claims that the prosecutor engaged in
misconduct and refused in bad faith to file a Rule 35(b) motion
and that his trial counsel was ineffective time-barred by the
AEDPA's statute of limitations when the petition was filed two
years after the entry of judgment); United States v. Burke, 2011
WL 13175829, at *5 (S.D. Ala. Aug. 24, 2011) (rejecting habeas
petitioner's "novel theory" that the government's continuing
failure to make a substantial assistance motion should be
considered a continuing breach tolling the AEDPA's limitations
period); Spoonhour v. United States, 2014 U.S. Dist. LEXIS 149174,
at *5, 2014 WL 5365292, at *2 (M.D. Pa. Oct. 20, 2014) (finding
that claims relating to breaches of plea agreements fall under the
ambit of the one-year statute of limitations applicable to § 2255
motions).

## III. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2255
Proceedings, the undersigned recommends that a certificate of
appealability in this case be **DENIED**. See 28 U.S.C. § 2255, Rule
11(a) ("The district court must issue or deny a certificate of
appealability when it enters a final order adverse to the
applicant."). The habeas corpus statute makes clear that an
applicant is entitled to appeal a district court's denial of his
habeas corpus petition only where a circuit justice or judge issues

a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may be issued only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a habeas petition is being denied on procedural grounds without reaching the merits of an underlying constitutional claim, "a COA should issue [only] when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Where a habeas petition is being denied on the merits of an underlying constitutional claim, a certificate of appealability should be issued only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.; see also id. at 483-84 ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under [Barefoot v. Estelle, 463 U.S. 880, 893 (1983)], includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (internal quotation marks

omitted); accord <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003).

Jackson's petition does not warrant the issuance of a Certificate of Appealability, as his petition is clearly time-barred, and he has failed to present extraordinary circumstances beyond his control that prevented him from filing this action in a timely manner. See <u>Steed v. Head</u>, 219 F.3d 1298, 1300 (11th Cir. 2000). Under the facts of this case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Jackson should be allowed to proceed further. See <u>Slack</u>, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, the undersigned recommends that the Court conclude that no reasonable jurist could find it debatable whether Jackson's petition should be dismissed. As a result, Jackson is not entitled to a Certificate of Appealability, and consequently, he should not be permitted to proceed *in forma pauperis* on appeal.

**IV. CONCLUSION**

For the foregoing reasons, it is recommended that the Government's Motion to Dismiss (Doc. 222) be **GRANTED**, that Jackson's petition (Docs. 216, 220) be **DISMISSED** as time-barred, and that judgment be entered in favor of Respondent, the United

States of America, and against Petitioner Jesse Jackson. The undersigned Magistrate Judge further opines that Jackson is not entitled to issuance of a Certificate of Appealability, and as a result, he should not be permitted to appeal *in forma pauperis*.

The attached sheet contains important information regarding objections to this Report and Recommendation.

<u>**Notice of Right to File Objections**</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific

finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **24th** day of **January, 2019.**

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**