# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JESSE JACKSON, #09881-003, | * |
| | * |
|     Petitioner, | * |
| | * |
| vs. | * CRIMINAL NO. 07-00148-WS-B |
| | * CIVIL ACTION NO. 19-00757-WS-B |
| UNITED STATES OF AMERICA, | * |
| | * |
|     Respondent. | * |

## REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner Jesse Jackson's Motion to Withdraw his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. 243). The motion has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 8(b) of the Rules Governing Section 2255 Proceedings. Upon consideration, the undersigned recommends that Jackson's motion seeking to withdraw his § 2255 petition be **GRANTED**, that his § 2255 petition (Doc. 238) be **TERMINATED**, and that this action be **DISMISSED** pursuant to Fed. R. Civ. P. 41(a)(2).

## I. DISCUSSION.

In 2007, Jackson pleaded guilty to conspiracy to distribute crack cocaine, in violation of 21 U.S.C. § 846, and to using a firearm during a drug trafficking felony, in violation of 18 U.S.C. § 924(c)(1). (Docs. 59, 65, 190). He received a twenty-five-year prison sentence. (Docs. 101, 200).

On October 3, 2019, Jackson filed a petition seeking post-conviction relief under 28 U.S.C. § 2255. (Doc. 238).[1] In his petition, Jackson argues that his conviction under 18 U.S.C. § 924(c) must be vacated in light of the Supreme Court's recent ruling in Rehaif v. United States, 139 S. Ct. 2191 (2019). (See id.). On November 15, 2019, the United States filed a response in opposition to Jackson's § 2255 motion, arguing, *inter alia*, that Rehaif has no bearing on the statutes under which Jackson was convicted. (Doc. 242). Jackson then filed the instant motion seeking to withdraw his pending § 2255 petition. (Doc. 243). In seeking to withdraw his § 2255 petition, Jackson states: "Defendant Jesse Jackson, pro se would like to respectfully with draw [sic]

---

[1] Jackson previously filed *pro se* petitions for writ of error coram nobis, claiming ineffective assistance of counsel and breach of his plea agreement by the Government. (Docs. 216, 220). The undersigned construed Jackson's collective filings as a § 2255 petition and recommended dismissal of the petition as time-barred. (Docs. 221, 227). Although Jackson's earlier filings were construed as a § 2255 petition and eventually dismissed as time-barred (Docs. 221, 227, 231, 232), his instant § 2255 motion (Doc. 238) does not constitute a second or successive § 2255 habeas petition because Jackson was not given the required Castro warnings when the undersigned construed his petitions for writ of error coram nobis as a habeas petition under 28 U.S.C. § 2255. See Castro v. United States, 540 U.S. 375, 383 (2003) (holding that when a district court recharacterizes a *pro se* motion as a first § 2255 habeas petition, it must (1) notify the litigant of the pending recharacterization, (2) warn the litigant that the recharacterization will subject any subsequent § 2255 motions to statutory restrictions on "second or successive" motions, and (3) provide the litigant an opportunity to withdraw the motion or amend it to include all available § 2255 claims); (see also Doc. 244).

this 2255 motion to Vacate, or Correct sentence at this time."
(Id. at 1).

Rule 41 of the Federal Rules of Civil Procedure provides, in pertinent part, that an action may be dismissed by the petitioner without order of the Court by filing "(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A). However, a responsive pleading has been filed in these proceedings, and all parties have not signed a stipulation of dismissal. Accordingly, Jackson must secure leave of the Court to dismiss his § 2255 motion. See Fed. R. Civ. P. 41(a)(2) ("Except as provided in Rule 41(a)(1), an action may be dismissed at the [petitioner's] request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.").

Under the circumstances, the Court sees no compelling reason to deny Jackson's request to withdraw his § 2255 petition.[2]

---

[2] See Hendrix v. United States, 2011 U.S. Dist. LEXIS 102456, at *2-3, 2011 WL 4055218, at *1 (S.D. Ga. Sept. 12, 2011) (noting that the "Court generally disfavors § 2255 withdrawals" after the government has filed a response because the petitioner "put the government . . . to the trouble and expense of responding to it[,]" but recommending granting petitioner's request to withdraw his § 2255 motion when any future motion "would most likely be subjected to immediate dismissal as untimely under 28 U.S.C. § 2255(f)"),

3

Accordingly, it is recommended that Jackson's motion to withdraw his § 2255 petition (Doc. 243) be **GRANTED,** that Jackson's pending § 2255 petition (Doc. 238) be **TERMINATED,** and that this action be **DISMISSED** pursuant to Fed. R. Civ. P. 41(a)(2).

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

---

report and recommendation adopted, 2011 U.S. Dist. LEXIS 121409 (S.D. Ga. Oct. 20, 2011).

4

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this the **5th** day of **February, 2020.**

                                                **/s/ SONJA F. BIVINS**
                                      **UNITED STATES MAGISTRATE JUDGE**