# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JESSE JACKSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) CRIMINAL NO. 07-0148-WS |
| v. | ) |
| | ) CIVIL NO. 19-0757-WS-B |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## ORDER

The petitioner pleaded guilty to Counts Two and Five of the indictment, charging violations of 21 U.S.C. § 846 and 18 U.S.C. § 924(c)(1), respectively. (Doc. 1 at 1, 3; Doc. 65). He was sentenced in December 2007, (Doc. 101), and perfected no timely appeal.[1] In March 2016, the petitioner filed what he styled as a writ of error coram nobis. (Doc. 216). The Magistrate Judge recharacterized the filing as a motion to vacate, (Doc. 221), and the Court ultimately adopted her report and recommendation ("R&R"), dismissing the deemed motion to vacate as time-barred. (Docs. 231-32).

As the government concedes, (Doc. 242 at 4-7), and as the Eleventh Circuit has confirmed, (Doc. 244), the petitioner's deemed motion to vacate does not count as an initial motion to vacate for purposes of the "second or successive" rules of Section 2255(h), because the petitioner did not receive the warnings required by *Castro v. United States*, 540 U.S. 375 (2003).

In October 2019, the petitioner filed a motion to vacate, seeking relief based on *Rehaif v. United States*, 139 S. Ct. 2191 (2019). (Doc. 238). After the government filed a response, (Doc. 242), the petitioner filed a motion to withdraw his motion to vacate. (Doc. 243). The Magistrate Judge issued an R&R that the motion to withdraw be granted pursuant to Rule 41(a)(2). (Doc. 245). The government filed a timely objection. (Doc. 246).

---

[1] The defendant purported to appeal his conviction and sentence in October 2014. (Doc. 178). Both were affirmed without opinion, (Doc. 210), presumably based on gross untimeliness.

[1]

"Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2). Because the R&R does not specify that dismissal should be with prejudice, the government appropriately concludes that the Magistrate Judge proposes dismissal without prejudice. The government argues that dismissal should be with prejudice, because the motion to vacate "lacks merit," and it therefore asks the Court to "deny [the] motion to withdraw," (Doc. 246 at 4), so that the Magistrate Judge can issue an R&R regarding the merits of the motion to vacate.

The government believes that rejection of the motion to vacate on the merits is important because, otherwise, the petitioner could file a future motion to vacate – effectively his third such motion – that is not subject to the "second or successive" rules, including the requirement that the petitioner first seek and obtain permission from the Eleventh Circuit before filing any such motion to vacate.

The government does not identify any court that has adopted its position. Nor does the government offer any legal analysis regarding the matter. Instead, its argument amounts to this: "That should not be the case." (Doc. 246 at 4). The Court declines to fulfill the government's briefing responsibility on its behalf.[2]

After due and proper consideration of all portions of the file deemed relevant to the issues raised, and after *de novo* review of the respondent's objections, the R&R, as supplemented by this order, is **adopted** as the opinion of the Court. The petitioner's motion to withdraw his motion to vacate, (Doc. 243), is **granted**. The motion to vacate, (Doc. 238), is **terminated**, and this action is **dismissed** pursuant to Rule 41(a)(2).

DONE and ORDERED this 21st day of February, 2020.

s/ WILLIAM H. STEELE<br>UNITED STATES DISTRICT JUDGE

---

[2] The Court also notes that the government could have avoided the prospect of a third motion to vacate free of Section 2255(h)'s requirements had it requested the Magistrate Judge to issue a *Castro* warning in response to the petitioner's petition for writ of error coram nobis. Because it failed to do so, (Doc. 222), the government shares responsibility for the situation of which it complains.