**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| JESSE JACKSON, # 09881-003, | * |
| | * |
|     Petitioner, | * |
| | * CRIMINAL NO. 07-00148-WS-B |
| vs. | * CIVIL ACTION NO. 20-00096-WS-B |
| | * |
| UNITED STATES OF AMERICA, | * |
| | * |
|     Respondent. | * |

**REPORT AND RECOMMENDATION**

Pending before the Court is Petitioner Jesse Jackson's petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 249), which the Court construes as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (See Docs. 248, 252). This action was referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), S.D. Ala. GenLR 72(a)(2)(R), and Rule 8(b) of the Rules Governing Section 2255 Cases, and is now ready for consideration.[1] Having carefully reviewed the record, the undersigned finds that no evidentiary hearing is necessary for the disposition of this matter.[2] Upon consideration, the undersigned

---

[1] The Honorable United States District Judge William H. Steele presided over the proceedings in this action. The undersigned has reviewed Jackson's petition and all other relevant documents in the Court's file and has fully familiarized herself with the proceedings before Judge Steele.

[2] A district court is not required to hold an evidentiary hearing

hereby recommends that Jackson's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Doc. 249) be **DENIED**, that this action be **DISMISSED with prejudice**, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner, Jesse Jackson. The undersigned further recommends that in the event Jackson requests a certificate of appealability and seeks to appeal *in forma pauperis,* such requests be **DENIED**.

## I.   BACKGROUND

Jackson pleaded guilty in 2007 to conspiracy to distribute crack cocaine, in violation of 21 U.S.C. § 846, and to using and carrying a firearm during a drug trafficking felony, in violation of 18 U.S.C. § 924(c)(1). (Docs. 59, 65, 190). He was sentenced to twenty-five years in prison. (Docs. 101, 200).

In 2016, Jackson filed petitions for "writ of error coram nobis" claiming ineffective assistance of counsel and breach of his plea agreement by the Government. (Docs. 216, 220). The undersigned construed Jackson's collective filings as a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 and recommended dismissal of the motion as time-barred. (Docs.

---

on patently frivolous claims, claims that are based upon unsupported generalizations, or claims that are affirmatively contradicted by the record. Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989).

221, 227).  The report and recommendation was adopted, and Jackson's motion was dismissed as time-barred.  (Docs. 231, 232).

On October 3, 2019,[3] Jackson filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  (Doc. 238).  In his motion, Jackson argued that his conviction under 18 U.S.C. § 924(c)(1) for using and carrying a firearm during and in relation to a drug trafficking crime should be vacated in light of the Supreme Court's ruling in Rehaif v. United States, 139 S. Ct. 2191 (2019).  While the § 2255 motion was pending, Jackson applied to the Eleventh Circuit Court of Appeals for an order authorizing the district court to consider a second or successive § 2255 motion.  (See Doc. 244 at 1-2).  The Court of Appeals held that Jackson's application was unnecessary because Jackson was not given the warnings required by Castro v. United States, 540 U.S. 375, 383 (2003), before his earlier "writ of error coram nobis" filings were recharacterized as a § 2255 motion to vacate; thus, Jackson's prior "writ of error coram nobis" filings had not triggered the statutory restrictions on "second or successive" § 2255 motions.  (Id. at 3).  After the Government filed a response

_____

[3] Under the mailbox rule, "a *pro se* prisoner's motion to vacate is deemed filed the date it is delivered to prison authorities for mailing." Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999) (per curiam).  Absent contrary evidence, that date is presumed to be the date on which the prisoner signed the motion. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam).  Jackson's § 2255 motion was dated October 3, 2019. (Doc. 238 at 9).

in opposition to Jackson's § 2255 motion, Jackson sought and was granted permission by this Court to withdraw the § 2255 motion. (Docs. 242, 243, 245, 247).

Subsequent thereto, Jackson filed the instant petition, which he styled a petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 249). In an order dated March 6, 2020, the undersigned observed that Jackson's instant habeas petition raises the same claim that was raised in his withdrawn § 2255 motion: that Rehaif's knowledge requirement for convictions under 18 U.S.C. §§ 922(g) and 924(a)(2) should apply to his conviction under § 924(c)(1), and that his conviction under § 924(c)(1) should be vacated as a result. (Doc. 248 at 3-4). The undersigned found that Jackson's habeas petition purporting to raise a Rehaif claim was properly construed as his first § 2255 motion to vacate, set aside, or correct his sentence. (Id. at 6). Accordingly, the undersigned gave Jackson the required Castro warnings, permitted him to amend or voluntarily withdraw his petition by April 6, 2020, and cautioned him that if he failed to timely amend or withdraw his petition, the Court would construe the petition, as currently filed, as his first § 2255 motion and would proceed to rule on the motion accordingly. (Id. at 6-8).

After Jackson failed to amend or withdraw the petition within the time allotted, the undersigned entered a briefing schedule on Jackson's deemed § 2255 motion to vacate. (Docs. 252, 256). The

Government filed a response in opposition to Jackson's motion, in which it argued that the Court should deny Jackson's claim without a hearing because the Supreme Court's holding in Rehaif has no bearing on the statutes under which Jackson was convicted. (Doc. 257). Jackson then filed a "Motion Requesting Your Honorable Court Grant the Defendant's Jackson's 2255" (Doc. 258), which the Court construes as a reply, and his petition is now ripe for review.

## II.  HABEAS STANDARD

The limited scope of habeas relief is well established, as this Court has recognized:

> Collateral relief is an extraordinary remedy which "may not do service for a[ ] [direct] appeal." United States v. Frady, 456 U.S. 152, 165, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982); see also Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) ("Courts have long and consistently affirmed that a collateral challenge, such as a § 2255 motion, may not be a surrogate for a direct appeal."). A defendant who has waived or exhausted his right to appeal is presumed to stand "fairly and finally convicted." Frady, 456 U.S. at 164. Unless a claim alleges a lack of jurisdiction or constitutional error, the scope of collateral attack has remained extremely limited. United States v. Addonizio, 442 U.S. 178, 185, 99 S. Ct. 2235, 60 L. Ed. 2d 805 (1979). Consequently, "[i]f issues are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack. . . . A defendant is, of course, entitled to a hearing of his claims, but not to duplicate hearings. The appellate process does not permit reruns." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979).

United States v. Evans, 2008 U.S. Dist. LEXIS 59836, at *8-9, 2008 WL 3200694, at *3 (S.D. Ala. Aug. 6, 2008).

## III. **DISCUSSION**

In his petition, Jackson argues that his conviction under 18 U.S.C. § 924(c)(1) for using and carrying a firearm during and in relation to a drug trafficking crime should be vacated based on the Supreme Court's ruling in Rehaif, along "with all the enhancements that [Jackson] received because of his firearm conviction." (Doc. 249 at 8, 15). As explained below, Jackson's claim is without merit, because the holding in Rehaif has no bearing on Jackson's convictions.

Rehaif addressed 18 U.S.C. § 922(g), which provides that "[i]t shall be unlawful" for certain individuals to possess firearms. 18 U.S.C. § 922(g). The provision lists nine categories of people subject to the prohibition, including convicted felons and noncitizens who are "illegally or unlawfully in the United States." See id. Its associated sentencing statute, 18 U.S.C. § 924(a)(2), provides that anyone who "*knowingly* violates" § 922(g) shall be fined or imprisoned for up to ten years. 18 U.S.C. § 924(a)(2) (emphasis added).

In Rehaif, a defendant convicted under §§ 922(g) and 924(a)(2) argued that the trial judge erred in instructing the jury that the United States did not need to prove that he knew his status as an alien unlawfully in this country, one of the categories of persons barred from possessing a firearm under § 922(g). 139 S. Ct. at 2195. After the Eleventh Circuit Court of Appeals concluded that

the jury instruction was correct and affirmed the conviction, the Supreme Court reversed, holding that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." Id. at 2195, 2200. The holding in Rehaif was confined to prosecutions under §§ 922(g) and 924(a)(2), and the Court specifically stated that it expressed no view as to what the Government would have to "prove to establish a defendant's knowledge of status in respect to other § 922(g) provisions not at issue here."[4] See id. at 2200.

Unlike the petitioner in Rehaif, Jackson was not tried for and convicted of violating 18 U.S.C. § 922(g); instead, he pleaded guilty to and was convicted of conspiracy to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. § 846, and using and carrying a firearm during and in relation to a drug trafficking felony, in violation of 18 U.S.C. § 924(c)(1). (See Docs. 59, 101, 190). Section 924(c) imposes a five-year mandatory consecutive term of imprisonment on "any person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United

---

[4] The defendant in Rehaif was convicted of possession of a firearm by an alien "illegally or unlawfully in the United States" in violation of 18 U.S.C. § 922(g)(5). Rehaif, 139 S. Ct. at 2194.

States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm . . . ." 18 U.S.C. § 924(c)(1)(A). The statute defines the term "drug trafficking crime" as "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46." Id. at § 924(c)(2).

Jackson argues that his conviction under § 924(c)(1) cannot stand because he "did not have the culpable mind set" and had "never been told that he'd fit a certain category of people who are barred from possession of firearms because of his status." (Doc. 249 at 15, 17). He also claims that he did not knowingly violate the law because he "did not know the law or how to read." (Id. at 4). Jackson's arguments relating to §§ 922(g) and 924(a)(2) have no relevance to his convictions in this case. As noted *supra,* Jackson was not prosecuted for or convicted of being a felon in possession of a firearm. He pleaded guilty to and was convicted of conspiracy to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. § 846, and using and carrying a firearm during and in relation to a drug trafficking felony, in violation of 18 U.S.C. § 924(c)(1). (See Docs. 59, 101, 190). Jackson acknowledged under oath the accuracy of the factual resume attached to his plea agreement, and the factual resume contained a detailed factual description of Jackson's involvement in drug

trafficking and his use of a firearm during and in relation to his drug trafficking offense. (See Doc. 59 at 13-24; Doc. 190 at 7, 19-20). Indeed, the factual resume reflects that a search of Jackson's residence revealed that Jackson was in possession of drugs, including crack cocaine, large amounts of cash, and two handguns. (Doc. 59 at 18). And, Jackson admitted to drug trafficking and to firing a round from a Beretta .40 caliber handgun out a bedroom window while police were executing a search warrant for the house he lived in. (Id. at 18-19). After being detained, Jackson told law enforcement that he had the gun because there was a possibility someone could break into the residence to steal drugs or drug money. (Id. at 19). These facts were sufficient to support a conviction under 21 U.S.C. § 846, and also 18 U.S.C. § 924(c), which requires the Government to establish that, during and in relation to a drug trafficking offense, the defendant used or carried a firearm, or that the defendant possessed a firearm in furtherance of that offense. See United States v. Gunn, 369 F.3d 1229, 1234 (11th Cir. 2004) (per curiam).

Thus, Rehaif's requirement that the Government prove a defendant's knowledge that he belonged to the relevant category of persons barred from possessing a firearm simply has no relevance to the two statutes under which Jackson was convicted. In any event, Jackson's claims that he "did not know or comprehend in any way that he belonged to [a] relevant category of person barred

9

from possessing a firearm" are affirmatively contradicted by his own admissions in the plea agreement. The factual resume establishes that Jackson told law enforcement during questioning that he had two prior felony convictions, one for burglary and one for possession of crack cocaine. (Doc. 59 at 19). Thus, even if he had been charged, convicted, and sentenced under § 922(g)(1) and § 924(a)(2), which he was not, Jackson could not possibly have denied that he knew he belonged to a relevant category of persons barred from possessing a firearm (i.e., that he knew he was a convicted felon). See Rehaif, 139 S. Ct. at 2200.

In sum, the Supreme Court's holding in Rehaif has no impact on Jackson's conviction and sentence under § 924(c)(1) for using and carrying a firearm during and in relation to a drug trafficking crime. Moreover, the record affirmatively demonstrates that Jackson knew at the time of his offenses both that he possessed a firearm and that he was a convicted felon. Accordingly, Jackson's putative Rehaif challenge is without merit.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be **DENIED**. See 28 U.S.C. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an

applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability.  See 28 U.S.C. § 2253(c)(1).  A certificate of appealability may be issued only where "the applicant has made a substantial showing of the denial of a constitutional right."  Id. at § 2253(c)(2).

When a habeas petition is denied on procedural grounds without reaching the merits of an underlying constitutional claim, a certificate of appealability "should issue [only] when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  When a habeas petition is denied on the merits of the underlying constitutional claims, a certificate of appealability should issue only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Id. ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve

11

encouragement to proceed further.") (quotation omitted); accord

Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

Jackson's petition does not warrant the issuance of a certificate of appealability, as his petition is clearly without merit. Under the facts of this case, a reasonable jurist could not conclude either that this Court is in error in denying the instant petition or that Jackson should be allowed to proceed further. The recommendation that Jackson's claim be denied is based on the straightforward application of clear Circuit and Supreme Court precedent, and no reasonable jurist could differ on the appropriate disposition of his claim on the record presented. As a result, Jackson is not entitled to a certificate of appealability and, consequently, he should not be permitted to proceed *in forma pauperis* on appeal.

## V. <u>CONCLUSION</u>

For the foregoing reasons, it is recommended that Petitioner Jesse Jackson's deemed motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Doc. 249) be **DENIED**, that this action be **DISMISSED with prejudice**, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner, Jesse Jackson. It is further recommended that any requests for a certificate of appealability or for permission to appeal *in forma pauperis* be denied.

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **14th** day of **January, 2022.**

                                        **/s/ SONJA F. BIVINS**
                              **UNITED STATES MAGISTRATE JUDGE**